UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF CORRECTIONS, <br><br> Defendant. | No. C11-5080 RJB/KLS <br><br> **REPORT AND RECOMMENDATION** <br> **Noted for:  April 8, 2011** |

This civil rights action has been referred to the Honorable Karen L. Strombom pursuant to 28 U.S.C. § 636 (b) and Local Rules MJR 3 and 4.  Plaintiff Scott C. Smith brings this action pursuant to 42 U.S.C. § 1983.  Before the court is the Motion to Dismiss of Defendant Washington State Department of Corrections (DOC) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the DOC is not an entity subject to suit under Section 1983.  ECF No. 9.  Plaintiff did not file a response to the motion to dismiss.  Instead, he filed a First Amended Complaint naming individual defendants.  ECF No. 10.  Defendant moves to strike Plaintiff's amended complaint because Plaintiff failed to obtain the court's permission to amend.  ECF No. 12.

Having carefully reviewed the motion, opposition, and balance of the record, the undersigned recommends that Defendant DOC's motion be granted and that Plaintiff's claims against the DOC be dismissed as he has failed to state a cognizable claim against the DOC under

REPORT AND RECOMMENDATION - 1

42 U.S.C. § 1983.  However, it is also recommended that Plaintiff be allowed to amend his complaint to name the individuals whom he alleges have violated his constitutional rights.

## SUMMARY OF COMPLAINT

Plaintiff initially filed his lawsuit in Mason County Superior Court solely against DOC, claiming that medical staff at the Washington Correction Center (WCC), where he is housed, failed to provide proper medical care relating to his fractured finger.  ECF No. 1, p. 7.  He was granted *in forma pauperis* status in that court.  DOC removed the case to this court because Plaintiff was asserting an Eighth Amendment claim under 42 U.S.C. § 1983.  DOC answered the complaint and then filed its motion to dismiss.  In his Amended Complaint Plaintiff alleges the same facts and injury alleged in the original complaint, but names individuals whom he alleges are responsible for violating his Eighth Amendment rights.  ECF No. 10.

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim

REPORT AND RECOMMENDATION - 2

that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). *See also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

## DISCUSSION

**A)  Persons Acting Under Color of State Law**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws

REPORT AND RECOMMENDATION - 3

of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 286-87 (1977).

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. The DOC is not a "person" for purposes of a section 1983 civil rights action. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

At issue in the motion to dismiss before the court is whether the DOC is an entity subject to suit under Section 1983. The undersigned agrees that it is not. The DOC is a state agency that is not a legal entity capable of being sued under § 1983. *See Bradford*, 557 F. Supp.2d at 1207. Accordingly, the undersigned recommends that Plaintiff's claims against the DOC be dismissed with prejudice, but that Plaintiff be granted leave to amend to name the individuals who allegedly caused him harm.

**B)     Leave to Amend**

A party may amend its complaint with leave of the Court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). In deciding whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that

REPORT AND RECOMMENDATION - 4

carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant DOC asks the court to strike Plaintiff's Amended Complaint because Plaintiff did not follow Rule 15(a)(2)'s requirement that he first seek leave of court prior to attempting to amend his complaint. ECF No. 12. Defendant states that Plaintiff should be required to file a separate lawsuit naming the individual defendants. However, if Plaintiff's complaint had originally been filed in this court, the court would likely have prescreened Plaintiff's complaint pursuant to the Prison Litigation Reform Act of 1995, and would likely have directed Plaintiff to amend his complaint to name individual defendants. Plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal.

In this case, Plaintiff seeks to name specific individuals to hold them liable for inadequate medical care. Other than naming the proper parties, the facts underlying Plaintiff's claim are not changed. Although Plaintiff should have first sought leave of court prior to amending his complaint, the undersigned recommends that this case should proceed under Plaintiff's First Amended Complaint.

## CONCLUSION

For the reasons stated above, the undersigned concludes that Plaintiff's complaint against the DOC should be **dismissed with prejudice with leave to amend** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Therefore, it is recommended that Defendant's motion to strike (ECF No. 12) be **denied** and that this case proceed under Plaintiff's First Amended Complaint (ECF No. 10).

REPORT AND RECOMMENDATION - 5

1  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2  Procedure, the parties shall have fourteen (14) days from service of this Report and
3  Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections
4  will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140
5  (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
6  
7  matter for consideration on **April 8, 2011**, as noted in the caption.

DATED this   17th   day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6