UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

                Plaintiff,

   v.

DOUG WADDINGTON, RUSSELL AMARU, and ERIC HERNANDEZ,

                Defendants.

No. C11-5080 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 34. Having reviewed the motion, Defendants' opposition (ECF No. 37), and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

Mr. Smith originally filed this civil rights complaint against Defendant Department of Corrections (DOC) in Mason County Superior Court in December 2010. In his complaint, Mr. Smith alleged that when he arrived at the Washington Corrections Center (WCC) on April 7, 2010 with a valid doctor's order for a splint and tape to support a fractured joint in the fifth finger of his left hand, the WCC medical staff ignored the doctor's order. *Id.* The DOC removed the action to this Court and moved to dismiss on the grounds that the DOC is not a proper party under 42 U.S.C. § 1983. ECF Nos. 1 and 9. In response, Plaintiff filed an amended complaint, in which he named Doug Waddington, Russell Amaru, and Eric Hernandez as Defendants. ECF No. 10. Plaintiff alleged that Defendant Amaru denied the use of a splint and

ORDER DENYING MOTION TO AMEND - 1

tape for his fractured finger and that Defendants Waddington and Hernandez upheld that decision.  The DOC's motion to dismiss was granted and Plaintiff was granted leave to amend his complaint.  ECF Nos. 13 and 15.  Mr. Smith's First Amended Complaint was filed on February 17, 2011.  ECF No. 10.

On October 3, 2011, the Court extended the parties' discovery deadline by thirty days until November 7, 2011 and extended the dispositive motion deadline until January 6, 2012.  ECF No. 31.   Plaintiff's second motion for an extension of the discovery deadline filed two weeks later was denied.  ECF No. 35.  The discovery deadline has now passed.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether justice requires granting leave to amend, courts are to consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *Moore v. Kayport Package Express, Inc*, 885 F.2d 531, 538 (9th Cir. 1989).  "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ."  *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982).  "Amendments seeking to add claims are to be granted more freely than amendments adding parties."  *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir.1991).

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of

ORDER DENYING MOTION TO AMEND - 2

action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). *See also Equal Employment Opportunity Comm'n v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 109 S. Ct. 222 (1988) (court denied party right to amend where party had knowledge of allegations before filing suit).

Plaintiff claims that "[d]uring the course of discovery [he] discovered" the two defendants whom he had previously not included in his First Amended Complaint. ECF No. 34. He fails, however, to articulate what newly discovered information purportedly supports the need to file a second amended complaint. According to his proposed amendment, Plaintiff seeks to include Dr. Navarro and John David Kenney because they joined with other DOC staff in the determination that a splint and tape for his injured finger was unnecessary. ECF No. 34-2 at 4-5. Plaintiff does not explain why this information was not available to him when he filed his original complaint in Mason County or later, when he filed his first amended complaint in this Court. Defendants contend that at all times, including prior to the filing of his initial complaint, Plaintiff has had access to his medical and grievance files and the allegations concerning Dr. Navarro and Mr. Kenney appear to reflect decisions made and/or consultations that occurred around the time that Plaintiff sought medical care for his injured finger. ECF No. 37. Thus, Plaintiff's failure to articulate the newly discovered information which purportedly supports the need for this late amendment leads the Court to conclude that this motion for amendment should be denied.

Accordingly, it is **ORDERED:**

(1) Plaintiff's Motion to Amend (ECF No. 34) is **DENIED.**

ORDER DENYING MOTION TO AMEND - 3

(2)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this <u>4th</u> day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 4