UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

    Plaintiff,

v.

DOUG WADDINGTON, RUSSELL AMARU, and ERIC HERNANDEZ,

    Defendants.

No. C11-5080 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF ORTHOPEDIC MEDICAL EXPERT

Before the Court is Plaintiff's Motion for the Appointment of an Orthopedic Medical Expert. ECF No. 36. Having reviewed the motion, Defendants' opposition (ECF No. 38), and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

Rule 706 of the Federal Rules of Evidence allows the district court to appoint a neutral expert on its own motion, or on the motion of any party. Fed. R. Evid. 706. The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan,* 105 F.3d 354, 358-59 (7th Cir. 1997). The appointed expert is entitled to reasonable compensation and in a civil case the compensation is "paid by the parties in such proportion and at such time as the court directs[.]" Fed.R.Evid. 706(b). However, where, as here, one of the parties is indigent, the court may apportion all the cost to one side. *McKinney v. Anderson,* 924 F.2d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on other grounds,* 502 U.S. 903 (1991) (reasoning that allowing court-appointed experts only when both sides are

ORDER - 1

able to pay their respective shares would hinder a district court from appointing an expert witness, "even when the expert would significantly help the court").

Plaintiff claims that Defendants ignored medical orders that his fractured finger should be splintered and wrapped. ECF No. 10. He argues that an expert is necessary to determine if his finger requires a splint or if he requires other medical treatment. He also argues that an expert would be able to read and understand his medical file and would be able to explain the swelling, pain, degeneration, and deformity of his fractured finger joint. ECF No. 36 at 2-3. Defendants argue that the appointment of an expert is not necessary as this case involves the very simple issue of whether refusing to provide tape to Plaintiff after he was found to be using it to hide contraband somehow violates the Eighth Amendment. ECF No. 38.

Appointment of an expert may be appropriate when the expert will assist the trier of fact to understand the evidence or decide a fact in issue. *See Ledford*, 105 F.3d at 358-59. Here, the issue is whether Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendments' proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id.* at 104-5; see also *Broughton v. Cutter Labs.*, 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

ORDER - 2

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); McGuckin, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The trier-of-fact does not need a medical expert to determine whether the Defendants were deliberately indifferent to Plaintiff's medical needs. In other words, it is not apparent that a jury would have to consider complex questions regarding Plaintiff's medical diagnosis. Instead, it appears that the trier-of-fact will be able to determine whether Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. It appears that Plaintiff is not requesting the appointment of an expert because one is needed to assist the Court or fact finder but rather, that the appointment of an expert is needed to assist himself. This falls outside the scope of appointment of an expert under FRE 706.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion for the Appointment of Expert (ECF No. 36) is **DENIED**.

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 4th day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3