UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH, | CASE NO. C11-5080 RJB |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| DOUG WADDINGTON, RUSSELL AMARU, ERIC HERNANDEZ, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge, dated April 23, 2012 (Dkt. 73), and Defendants' Objections to the Report and Recommendation, dated May 7, 2012 (Dkt. 79). The Court has considered the Report and Recommendation, Defendants' objections, and the remaining record, and hereby adopts the Amended Report and Recommendation for the reasons stated herein.

## INTRODUCTION AND BACKGROUND

On February 17, 2011, Plaintiff filed a claim under 42 U.S.C. § 1983, alleging that Defendants had violated the Eighth Amendment by denying him a splint and tape for his chronic finger condition when he was housed in a prison intensive management unit (IMU). Dkt. 10. The named defendants are Doug Waddington, Russell Amaru and Eric Hernandez.

As detailed in the Report and Recommendation, in April 2010, Plaintiff was transferred from the Clallam Bay Correction Center (CBCC) to the Washington Correction Center and placed into WCC's Intensive Management Unit (IMU). When Mr. Smith arrived at the WCC IMU he had a valid medical authorization to possess a finger splint and medical tape for the fractured fifth digit of his left hand. Mr. Smith has a medical history of problems related to his left little finger. An x-ray report dated May 3, 1989 identified a small volar plate fracture of his left little finger. He has received various forms of treatment for that injury, including pain medication and a splint and tape to buddy the little finger to the adjacent finger. Mr. Smith had been authorized a splint and/or medical tape when he had been housed in the IMU at other institutions within the Department of Corrections.

On April 16, 2010, Plaintiff was seen for his finger condition by Mr. Amaru, who is a physician's assistant. At that time he observed that Mr. Smith's left-hand fifth digit was swollen, deformed and tender. Mr. Amaru reviewed an x-ray dated November 2, 2009 which revealed chronic dislocation of Mr. Smith's proximal interphalangeal joint with arthritis. Mr. Amaru prescribed aspirin for pain and swelling. Mr. Amaru denied Plaintiffs' request for tape and a splint. No medical reasons were provided for not prescribing these items. Mr. Amaru simply indicated that "due to security issues", Mr. Smith was not allowed to have tape or a splint while he was housed in the IMU.

Mr. Smith wrote to WCC Superintendent Doug Waddington about the denial of the tape and splint. Mr. Waddington forwarded the complaint to Medical Director, Eric Hernandez. The Medical Director responded to Mr. Smith's complaint stating a memorandum that he had been informed that there is no medical need to provide this [tape and splint] to you, and we have no basis to override the security concerns of the IMU at this time.

Mr. Hernandez reviewed Mr. Smith case again on administrative appeal and in a second memorandum to Mr. Smith, Mr. Hernandez stated that Mr. Smith's condition did not meet the criteria for further medical intervention because his condition involves a minor joint of the hand, it does not result in intractable pain, and it does not prevent him from performing his activities of daily living. No medical evidence was provided regarding the medical necessity, or lack thereof, of a finger splint. The basis of denial was security issues.

Defendants moved for summary judgment. The Magistrate Judge recommends that Defendant Waddington be dismissed from this action as there is no evidence that he was involved in the medical treatment of Mr. Smith. In regard to the issue of serious medical needs of the Plaintiff, the Magistrate Judge found thatthe fact that medical providers from previous institutions had seen fit to provide a splint and tape to Mr. Smith and that Defendant Amaru does not state that the tape was not medically necessary, but merely cited security issues as a basis for denial, raised material issues of fact precluding summary judgment.

## EIGHTH AMENDMENT

Defendants object to the Report and Recommendation on the basis that (1) a difference of medical opinion is insufficient to establish an Eighth Amendment claim, (2) there is no evidence of deliberate indifference, and (3) Mr. Hernandez cannot be held liable for mere reliance on the opinion of Mr. Amaru.

1          The Court is not persuaded by Defendants' objections.

2   The evidence establishes more than a mere difference of opinion between Mr. Smith and

3   Defendants.  Medical providers from previous institutions had seen fit to provide a splint and

4   tape to Mr. Smith, whereas Defendant Amaru simply cited security concerns as a basis for denial

5   of this treatment.  This evidence presents more than mere disagreement with a medical opinion.

6          Deliberate indifference exists when an official knows of and disregards a serious medical

7   condition, i.e., when an official is "aware of facts from which the inference could be drawn that a

8   substantial risk of serious harm exists" and actually draws that inference.  *Farmer v. Brennan*,

9   511 U.S. 825, 837 (1994); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir.

10  2010).  Here, there are issues raised by medical evidence of an arguably severe medical

11  condition, evidence that Defendants Amaru and Hernandez knew of the condition, and an

12  inference exist that substantial risk of serious harm exists absent proper medical treatment.

13         Concerning the conduct of Mr. Hernandez, Defendants argue that he cannot be held liable

14  when his decision was reasonably based upon the opinion of a medical doctor.  There is evidence

15  that Mr. Hernandez's decision was other than a reasonable reliance upon medical opinion.  Mr.

16  Hernandez reviewed Plaintiff's medical record and determined that given the security concerns

17  of the IMU, Mr. Amaru was providing the appropriate treatment.  This determination is more

18  than mere reasonable reliance on medical opinion; it involves Mr. Hernandez's analysis of

19  Smith's history of medical treatment and a determination that security issues may have

20  outweighed a the need for medical treatment.  Mr. Hernandez is not entitled to summary

21  dismissal from this action.

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

**CONCLUSION**

For the reasons stated above and those set forth in the Report and Recommendation the claims against Defendant Doug Waddington should be dismissed and he dismissed from this action. The remainder of Defendants' motion for summary judgment should be denied.

Therefore, it is hereby **ORDERED**:

1. The Court adopts the Report and Recommendation.

2. Defendants' Motion for Summary Judgment (Dkt. 49) and Request for Finding of Frivolous Action under Prison Litigation Reform Act 28 U.S.C. § 1915(g) is **DENIED**.

3. Plaintiff's claims against Defendant Doug Waddington are **DISMISSED** and Defendant Doug Waddington is **DISMISSED** as a Defendant.

4. The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants and to the Hon. Karen L. Strombom.

Dated this 14th day of May, 2012.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge