UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH,<br><br>      Plaintiff,<br><br> v.<br><br>DOUG WADDINGTON, RUSSELL AMARU, and ERIC HERNANDEZ,<br><br>      Defendants. | NO. C11-5080 RJB/KLS<br><br>ORDER DENYING MOTION FOR LEAVE TO DEPOSE DEFENDANTS |

  Before the Court is Plaintiff's Motion for Leave to Depose Defendants. ECF No. 72. This is Plaintiff's third motion seeking extension of the discovery deadline and it is filed five months past the latest discovery deadline. Plaintiff provides no good reason for the delay in his request. For this reason, the motion will be denied.

## BACKGROUND

  On February 17, 2011, Plaintiff filed his amended complaint against Russell Amaru, Doug Waddington, and Eric Hernandez alleging that his constitutional rights were violated when he was not provided tape and a splint for his thumb injury while he was housed in the Intensive Management Unit (IMU) at the Washington Correction Center (WCC) in April 2010. ECF No. 10.

  On April 11, 2011, the Court issued a Pretrial Scheduling Order setting the discovery deadline for October 7, 2011. ECF No. 17. The Pretrial Scheduling Order stated that: "Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date." *Id*. On September 9, 2011, Plaintiff filed a motion requesting an extension of the discovery deadline. ECF No. 27. The Court granted this motion and extended the discovery deadline to November 7, 2011. ECF No. 23. On

October 18, 2011, Plaintiff filed a second motion requesting an extension of the discovery deadline. ECF No. 32. The Court denied the second motion. ECF No. 35.

Over five months after the latest discovery deadline passed, Plaintiff filed the present motion. ECF No. 72. Plaintiff asks to take the depositions of all defendants "by telephone and by non-stenographic means." He asks that the Department of Corrections (DCO) supply the notary to administer the oath to deponents and secure the original recordings for filing with the Court. *Id.*, at 3. He further proposes that each party record the depositions on cassette tapes or CD's and that if either party transcribe the recorded depositions, they provide a copy of the transcription to the other party. *Id.*

## DISCUSSION

Plaintiff had nearly nine months to complete discovery in this case. He provides no facts or argument showing that he has diligently attempted to pursue discovery in the time given to him by the Court. He provides no good reason why the Court should grant yet another extension of the discovery deadline five months after the second discovery deadline has passed.

Accordingly, it is **ORDERED:**

(1)  Plaintiff's motion for leave to depose Defendants (ECF No. 72) is untimely and it is **DENIED.**

(2)  The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  23rd  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge