UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

        Plaintiff,

v.

DOUG WADDINGTON, RUSSELL AMARU, ERIC HERNANDEZ,

        Defendant.

CASE NO. C11-05080 RJB-KLS

ORDER DENYING MOTION FOR COUNSEL

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 75. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff states that he is unable to afford counsel and that prison officials routinely retaliate against him for his grievance and litigation activity. ECF No. 74, pp. 4-5. Despite this alleged retaliatory behavior, Plaintiff has been able to successfully file a complaint, an amended complaint, and to partially defend a motion for summary judgment in this case. In addition, this case is not complex and does not involve complex facts, law, or a large number of issues or parties. The case involves a limited number of witnesses and the facts span a relatively short period of time. Thus, Plaintiff is able to article his claims pro se in light of the complexity of the legal issues involved. This is also not the only federal case Mr. Smith is litigating. *See* C10-5228-RBL-JRC and C10-5188-BHS. The alleged retaliation does not appear to be hindering his litigation efforts in those cases.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 75) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

**Dated** this 23rd day of May, 2012.

Karen L. Strombom
United States Magistrate Judge