UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

                    Plaintiff,

   v.

DOUG WADDINGTON, RUSSELL AMARU, and ERIC HERNANDEZ,

                    Defendants.

No. C11-5080 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: June 15, 2012**

Before the Court is Plaintiff Scott C. Smith's motion for preliminary injunction. ECF No. 71. Having reviewed Plaintiff's motion, Defendants' response (ECF No. 74), and balance of the record, the Court recommends that the motion should be denied. Mr. Smith is asking that this Court enjoin unidentified persons who are not parties to this action for conduct that is unrelated to the issues raised in this lawsuit.

## BACKGROUND

### A. Amended Complaint

On December 3, 2011, Mr. Scott filed his lawsuit in Mason County Superior Court against the Department of Corrections (DOC). ECF No. 1, at 6-9. He claimed that medical staff at the Washington Correction Center (WCC), where he was housed, failed to provide proper medical care relating to his fractured finger. *Id.*, p. 7. The DOC removed the case to this Court because Mr. Scott asserted an Eighth Amendment claim under 42 U.S.C. § 1983 and then moved to dismiss because the DOC is a state agency that is not capable of being sued under § 1983.

REPORT AND RECOMMENDATION- 1

ECF No. 9. On February 17, 2011, Mr. Scott filed an Amended Complaint omitting the DOC as a defendant and naming Russell Amaru, Doug Waddington, and Eric Hernandez as defendants. ECF No. 10. The Court granted leave to amend. ECF Nos. 13 and 15.

In the amended complaint, Mr. Smith alleges that his constitutional rights were violated because he was not provided tape and a splint for his thumb injury while he was housed in the Intensive Management Unit (IMU) at the WCC in April 2010. ECF No. 10. Mr. Amaru was the physician's assistant who provided care to Plaintiff for his thumb. Mr. Amaru no longer works for Department. ECF No. 50 (Declaration of Russell Amaru). Mr. Waddington was Superintendent of WCC at the time, but is also no longer employed by the DOC. ECF No. 52 (Declaration of Doug Waddington). Mr. Hernandez is currently employed by the DOC at the WCC in Shelton; he was the health care manager who reviewed Plaintiff's medical condition and concluded that PA-C Amaru's treatment plan for Mr. Smith was correct. ECF No. 51 (Declaration of Eric Hernandez).

On March 12, 2012, Mr. Scott notified the Court of a change of address from the WCC to the Washington State Penitentiary (WSP) in Walla Walla, Washington. ECF No. 63. Mr. Scott is currently located at the WSP. ECF No. 71, at 13.

On May 14, 2012, the Court dismissed all of Mr. Scott's claims against Defendant Doug Waddington. ECF No. 80.

**B.      Facts Relating to Preliminary Injunction Motion (ECF No. 71)**

In his motion, Mr. Smith alleges that because of his activity in this case, two state court lawsuits filed on October 20, 2011, three grievance appeals filed on October 21, 2011, an emergency law library access request filed on October 24, 2011, and a state tort claim filed on October 24, 2011, he has been subjected to retaliation by "the defendants, and concomitant

REPORT AND RECOMMENDATION- 2

prison officials". ECF No. 71. He claims that on November 3, 2011, he was placed in isolation at WCC for "no valid reason;" on November 5, 2011, his disabled wife and minor daughter were denied visitation for no valid reason; on November 23, 2011, he was labeled a "white supremacist" and placed in a gang unit even though he is Japanese; on November 23, 2011, he was not allowed to receive religious publications; on November 23, 2011, he was not allowed to visit his wife or daughter; on December 22, 2011, he was threatened with a serious infraction; on January 3, 2012, he was found guilty of a serious disciplinary infraction because "the defendants, and concomitant prison officials, disagreed with a court order"; on January 5, 2012 he received a custody demotion "for no valid reason"; and, on February 1, 2012, he was transferred to WSP. ECF No. 71, at 9-12; ECF No. 71-1, 2-3.

C. **Preliminary Injunction Relief Requested**

Mr. Smith asks that the Court enjoin "defendants from employing retaliatory punishment against Plaintiff for his judicial and grievance activity by returning the Plaintiff to his position in October 2011." ECF No. 71, at 13.

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships

REPORT AND RECOMMENDATION- 3

favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case. Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case." When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598 (1976) (citations omitted). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254 (1987). "Running a prison is an inordinately difficult undertaking ... peculiarly within the province of the legislative and executive branches of government ... [S]eparation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have, as we indicated in *Martinez*, additional reason to accord deference to appropriate prison authorities." *Id*. at 85, *citing Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800 (1974), *rev'd in part on other grounds in Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874 (1989).

In this lawsuit, Mr. Smith sued Russell Amaru, Doug Waddington, and Eric Hernandez for failing to provide tape and a splint for his thumb injury while he was in the IMU at the WCC in April 2010. In his motion for preliminary injunction, Mr. Smith alleges that various unidentified "concomitant" DOC personnel at WCC and/or WSP retaliated against him between

REPORT AND RECOMMENDATION- 4

October 2011 and February 2012 for filing this lawsuit along with two state court lawsuits, three grievances and a state tort claim, by placing him in isolation, demoting him, cancelling visitation privileges, transferring him and infracting him. This Court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969).

Mr. Waddington is no longer a party to this lawsuit. In addition, there is no evidence that Defendants Amaru, Waddington and/or Hernandez, who are named as parties in this lawsuit, were at all involved in the conduct alleged in Mr. Smith's motion for preliminary injunction. Even though Mr. Smith generally refers to "defendants" in his motion, he includes no factual allegations as to Defendants Amaru, Waddington or Hernandez and does not allege that any of these individuals were involved in the conduct detailed in his motion, affidavit, or statement of facts. ECF Nos. 71, 71-1, and 71-2. The record reflects that Defendants Amaru and Waddington no longer work for the DOC. Defendant Hernandez remains employed by the DOC but he does not work at the same facility where Mr. Smith is currently located and there is no evidence that he had or has the ability or authority to place Mr. Smith in isolation, deny him visitation rights, or to do any of the other things alleged in Mr. Smith's motion.

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega*

REPORT AND RECOMMENDATION- 5

*World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same). Further, a court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983). As was explained by the Fourth Circuit in *Omega,* it is important that the movant establish the relationship between the injury claimed in his motion and the conduct asserted in the complaint because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega*, 111 F.3d at 16.

## CONCLUSION

The undersigned recommends that Mr. Scott's motion for preliminary injunction (ECF No. 71) be **DENIED** because it seeks injunctive relief against unidentified non-parties and it is not based upon the claim in the underlying suit.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 15, 2012**, as noted in the caption.

**DATED** this  23rd  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6