1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

SCOTT C. SMITH,

               Plaintiff,

    v.

DOUG WADDINGTON, RUSSELL
AMARU, ERIC HERNANDEZ,

               Defendants.

CASE NO. C11-5080 RJB

ORDER RE PLAINTIFF'S MOTION
FOR LEAVE TO DISCOVER AND
POSSESS WITNESS ADDRESSES

17

18

19

     This matter comes before the Court on pro se Plaintiff's motion for leave to discover and possess witness addresses.  Dkt. 111.  The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

20

21

22

23

     By previous order this Court denied Plaintiff's motion that the Court serve subpoenas to Plaintiff's witnesses at public expense.  See Dkt. 110.  Plaintiff now requests that Defendants be required to disclose personal addresses of witnesses so he can effect service of subpoenas.  Dkt.

24

ORDER RE PLAINTIFF'S MOTION FOR LEAVE
TO DISCOVER AND POSSESS WITNESS
ADDRESSES- 1

1   111.  Plaintiff correctly notes, and Defendants concur, that for security reasons, Washington

2   State law and regulations prohibit the disclosure to an inmate, and the possession by an inmate,

3   of prison employee addresses.  Dkt. 111 and 112 (citing WAC 137-25-030(739); RCW 4.24.680;

4   RCW 42.56.230; RCW 42.56.250).

5       The Defendants nonetheless recognize that Fed. R. Civ. P. 45(b)(1) requires Plaintiff to

6   serve trial witnesses with a subpoena. Dkt. 112.  In order to protect prison employee addresses

7   from disclosure and to facilitate Plaintiff's service of trial subpoenas, Defendants propose the

8   following procedure:  Defendants' counsel will accept service of trial subpoenas for witnesses

9   who still work for the Department of Corrections.  *Id.* at p. 3.  With respect to witnesses who no

10  longer work for the Department of Corrections, Defendants propose that addresses in

11  Defendants' possession, if any, be provided to the Court ex parte and under seal.  The Court

12  could then have subpoenas issued by the U.S. Marshall to the witnesses, at Plaintiff's expense, or

13  by a private process server who agrees not to release any address information to Plaintiff or any

14  other inmate.

15      The Court is in agreement with this proposal.  The Defendants' counsel shall accept

16  service of Plaintiff's trial subpoenas for Russell Amaru and the witnesses presently employed by

17  the Department of Corrections, i.e., Clifford Johnson, Eric Hernandez, Godofredo Navarro, and

18  John David Kenney.  With respect to witnesses who no longer work for the Department of

19  Corrections, Defendants will provide the addresses in Defendants' possession, if any, to the

20  Court ex parte and under seal.  For any proposed witness that was not employed by the

21  Department of Corrections or the Department is not in possession of a current address, the

22  Plaintiff  retains  the responsibility of determining such witnesses location.

23

24

1    Prior to this Court ordering any service by the U.S. Marshall, Plaintiff must demonstrate

2    that the witness is necessary for trial and Plaintiff must pay for the witness's presence.

3    Any witness subject to subpoena is entitled to an attendance fee of $40 per day for each

4    day's attendance, plus a travel allowance.  28 U.S.C. § 1821(b) and (c).  All witness fees, travel

5    expenses and service expenses must be pre-paid by Plaintiff prior to service on such witnesses.

6    See Fed. R. Civ. P. 45(b)(1).  The district court had no statutory authority for waiving the

7    payment of witness fees.  *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Johnson v.*

8    *Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983).

9    Accordingly, it is hereby **ORDERED:**

10    1.   Defendants' counsel will accept service of trial subpoenas for Russell Amaru,

11         Clifford Johnson, Eric Hernandez, Godofredo Navarro, and John David Kenney.

12    2.   Defendants will submit *ex parte* and under seal, those addresses in their possession, if

13         any, of Plaintiff's named witnesses who are no longer employed by the Department of

14         Corrections.

15    3.   Plaintiff must complete a subpoena for each past employee of the Department of

16         Corrections and submit it to the Court.  Completed subpoenas must be submitted not

17         earlier than four weeks and not later than two weeks before trial.  For those witnesses

18         that the Court has information as to an address, the Court will direct service by the

19         U.S. Marshal Service.  Prior to service, the Plaintiff must tender through the United

20         States Marshal a money order payable to the witness in the amount of the daily

21         witness fee, $40.00, plus the witness's travel allowance.  The United States Marshal

22    / /

23

24

ORDER RE PLAINTIFF'S MOTION FOR LEAVE
TO DISCOVER AND POSSESS WITNESS
ADDRESSES- 3

1    will determine the amount of the fee and will not serve a subpoena upon a witness

2    without the witness fee and travel expenses having been tendered.

3    Dated this 10th day of January, 2013.

4

5    _____

6    Robert J. Bryan
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER RE PLAINTIFF'S MOTION FOR LEAVE
TO DISCOVER AND POSSESS WITNESS
ADDRESSES- 4